Singleton<br>v.<br>Fore.

The jury found only $275 damages for all the injury sustained by plaintiff, both on account of the unsoundness of Charlotte and of that of Lucy. The plaintiff in error then has no right to complain either of the instructions of the circuit court or of the measure of damages.

The judgment of the circuit court must, then, be affirmed.

(*Napton, Judge, not present.*)

---

ARTHUR & SNYDER v. PENDLETON, LONG, & RILEY.

Petition in debt.—Plea, that the plaintiffs were not the legal owners of the note, and issue thereon. Held : That it was not necessary for the plaintiffs to prove the partnership set out in the petition ; it was admitted by the plea.

Error to the Lincoln Circuit Court.

C. WELLS, for Plaintiffs.

PORTER for Defendant.

*Opinion of the Court, delivered by Scott, Judge.*

Pendleton, Long and Riley sued Arthur and Snyder by petition in debt. The petition set out the names of the plaintiffs at length, and contained an averment that the note was executed to them by the name and description of Pendleton, Long, and Riley.

Petition for<br>debt.—Plea,<br>that the plain-<br>tiffs were not<br>the legal own—

AUG. TERM, 1842.
_____
Arthur & Sny-
der v. Pen-
dleton, Long
& Riley.

ers of the note,
and issue
thereon. Held:
that it was not
necessary · for
the plaintiffs
to prove the
partnership set
out in the pe-
tition; it was
admitted by
the plea.

The parties went to trial on the issue that the plaintiffs were not the legal owners of the note. The plaintiffs had judgment.

On the trial an affidavit taken under the act of the General Assembly of 13th February, 1839, was read to prove the partnership of the plaintiffs below. This was objected to, and is assigned for error. The issue did not require proof of the partnership, it was admitted by the pleadings, consequently need not have been proved. Whether the affidavit was formal, it is unnecessary to determine. There was no error in admitting it, as it was immaterial, and not calculated to mislead or prejudice the jury. ·

As to the objection, that there was an averment of a partnership in the petition, it may be answered, the late decisions of this court warrant the form adopted by the pleader in this instance.

Judgment affirmed.